MORITT HOCK & HAMROFF LLP
Proposed Counsel to the Debtor and Debtor-in-Possession
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000
Leslie A. Berkoff, Esq.
*lberkoff@moritthock.com*
Theresa A. Driscoll, Esq.
*tdriscoll@moritthock.com*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

47th STREET GOURMET INC.                     Chapter 11
                                             Case No.
                    Debtor.
-------------------------------------------------------X

## DECLARATION TERESA KEFALOGIANNIS
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

I, Teresa Kefalogiannis, hereby declare under penalty of perjury.

1. I am the President of 47th Street Gourmet Inc. (the "Debtor"). This Affidavit is submitted pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Except as otherwise indicated, all facts set forth in this Affidavit are based upon my personal knowledge and my review of relevant documents (to the extent available).

### THE DEBTOR'S BUSINESS

2. The Debtor is the owner and operator of a gourmet delicatessen situated near the United Nations in Midtown-East section of Manhattan. Specifically, the Debtors operate the business known as Teresa's Gourmet Café located at 215 East 47th Street, New York, NY 10017 (the "Leased Premises"). As of the date hereof, the Debtor has approximately 10 employees.

## THE DEBTOR'S PROPERTY

3.  The Debtor's assets consist primarily of equipment used in the operation of its business as well as inventory and cash.

## EVENTS LEADING UP TO THE COMMENCEMENT OF THE CHAPTER 11 CASE

4.  The economic environment from the summer of 2008 to the recent past has had a devastating impact on the Debtor's business. Skyrocketing costs combined with diminished sales have been the Debtor's greatest problems. In response to the foregoing, the Debtor actively sought to streamline operations, control costs, negotiate with vendors for more competitive pricing, raise prices, expand its catering business and implement new marketing strategies including new menus and the start of an online presence. Despite these significant efforts, the Debtor fell behind in its rent due to 757 3rd Avenue Associates LLC (the "Landlord"), the landlord for the Leased Premises.

5.  In or about the summer of 2009, the Debtor took great strides, on multiple occasions, to get the Landlord to agree to a lease modification or payment arrangement with the Landlord. Notwithstanding the Debtor's best efforts, the Landlord initiated a non-payment proceeding against the Debtor in the Civil Court for the City of New York (No. 0530551/10) demanding payment of back-rent owed. On December 10, 2010, the Civil Court of the City of New York issued a decision and judgment on the Landlord's summary judgment motion granting summary judgment to the Landlord and issuing a warrant of eviction (the "Judgment"). Following this decision, the Debtor filed a Notice of Appeal in the First Department, Appellate Term.

6.  Consistent with the Civil Court's decision, the Marshal served a Notice of Eviction upon the Debtor and scheduled the eviction for March 10, 2011. Thereafter, the Debtor – by and through its landlord-tenant attorneys – filed an Order to Show Cause in the Civil Court

to stay execution of the warrant of eviction on the grounds that the warrant of eviction and the underlying judgment is defective on its face and on the merits of the case. A hearing was held thereon on March 8, 2011 and the Order to Show Cause was denied. On March 9, 2011, the Debtor unsuccessfully sought review of the denial of the emergency relief request; however, the First Department authorized the appeal of the Judgment to proceed.

## THE BANKRUPTCY FILING

7. The Debtor currently is a viable business enterprise with a long standing history, employees, positive cash flow and an ability to meet current expenses. By filing for Chapter 11 protection, the Debtor will be afforded the breathing room it needs to accomplish a number of goals that will ultimately inure to the benefit of its estate and all of its creditors. These goals include, among other things, increasing sales revenues and expanding business operations to support the mainstay business. In this regard, the Debtor has been engaged in discussions with a prominent concession stand operator with multiple locations including JFK and Newark International Airports. Additionally, sales revenues are expected to rise during the approaching peak sale season (i.e. April –December). Chapter 11 will enable the Debtor to reorganize and pay its creditors. Critical to the Debtor's ability to successfully reorganize is its continued possession of the Leased Premises.

### Additional Disclosures Required Under Local Rule 1007-2

8. Attached hereto as *Exhibit A* are Schedules 1-12 detailing the disclosures required by Local Bankruptcy Rule 1007-2.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief

Dated: March 10, 2011

/s/ Teresa Kefalogiannis
TERESA KEFALOGIANNIS

# EXHIBIT A

Local Bankruptcy Rule 1007-2 Schedules

# SCHEDULE 1

**<u>Committee Organized Prepetition</u>**

Not Applicable

# SCHEDULE 2

## 20 Largest Unsecured Creditors

The information contained herein shall not constitute an admission of liability by, nor is binding on, the Debtor. The Debtor reserves all rights to assert that any debt or claim listed herein is a disputed claim or debt and to challenge the priority, nature, amount or status of any such claim or debt.

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim [if secured, also state value of security |
|---|---|---|---|---|
| 757 3rd Ave Associates<br>PO Box 5750<br>Hicksville, NY 11802-5750 | 757 3rd Ave Associates<br>PO Box 5750<br>Hicksville, NY 11802-5750 | Contract debt | Disputed | $329,773.20 |
| Mancini<br>468 Grand Boulevard<br>Westbury, NY 11590 | Mancini<br>468 Grand Boulevard<br>Westbury, NY 11590 | Trade debt | | $22,403.00 |
| ZeZe Food<br>57-58 59th Street<br>Maspeth, NY 11378 | ZeZe Food<br>57-58 59th Street<br>Maspeth, NY 11378 | Trade debt | | $7,799.75 |
| Harleysville Insurance<br>PO BOX 37712<br>Philadelphia, PA 19102 | Harleysville Insurance<br>PO BOX 37712<br>Philadelphia, PA 19102 | Trade debt | | $5,151.65 |
| Wonder Foods<br>57-10 Flushing Ave<br>Maspeth, NY 11378 | Wonder Foods<br>57-10 Flushing Ave<br>Maspeth, NY 11378 | Trade debt | | $5,101.79 |
| Castlepoint Insurance<br>120 Broadway<br>21st Floor<br>NY, NY 10271 | Castlepoint Insurance<br>120 Broadway<br>21st Floor<br>NY, NY 10271 | Trade debt | | $3,188.00 |
| JD Levantis Accountants<br>2818 Ditmars Blvd<br>Astoria, NY 11103 | JD Levantis Accountants<br>2818 Ditmars Blvd<br>Astoria, NY 11103 | Trade debt | | $2,900.00 |
| Healthpass<br>7120 Lake Elenor Drive<br>Orlando, FL 32109 | Healthpass<br>7120 Lake Elenor Drive<br>Orlando, FL 32109 | Trade debt | | $1,861.00 |
| Harleysville Insurance<br>PO BOX 37712<br>Philadelphia, PA 19101 | Harleysville Insurance<br>PO BOX 37712<br>Philadelphia, PA 19101 | Trade debt | | $1,750.00 |
| Rogers Family Company<br>1731 Aviation Blvd<br>Lincoln, CA 95648 | Rogers Family Company<br>1731 Aviation Blvd<br>Lincoln, CA 95648 | Trade debt | | $1,414.50 |
| Fischer Foods<br>200 Brenner Drive<br>Congers, NY 10920 | Fischer Foods<br>200 Brenner Drive<br>Congers, NY 10920 | Trade debt | Disputed | $1,333.09 |

| | | | | |
|---|---|---|---|---|
| Green City Organics<br>114 Troutman St. #504<br>Brooklyn, NY 11206 | Green City Organics<br>114 Troutman St. #504<br>Brooklyn, NY 11206 | Trade debt | | $1,200.00 |
| Queens Boro Milk<br>156-02 Liberty Ave<br>Jamaica,. NY 11433 | Queens Boro Milk<br>156-02 Liberty Ave<br>Jamaica,. NY 11433 | Trade debt | | $1,014.63 |
| Tom Cat Bakery<br>43-05 10th St.<br>LIC, NY 11101 | Tom Cat Bakery<br>43-05 10th St.<br>LIC, NY 11101 | Trade debt | | $670.86 |
| IESI Sanitation<br>PO Box 660654<br>Dallas, TX 75266-0654 | IESI Sanitation<br>PO Box 660654<br>Dallas, TX 75266-0654 | Trade debt | | $647.81 |
| Jess Berkowitz Esq.<br>401 Broadway, #1510<br>NY, NY 10013 | Jess Brerkowitz Esq.<br>401 Broadway, #1510<br>NY, NY 10013 | Trade debt | | $500.00 |
| Neri's Bakery<br>P.O. Box 1021<br>Bronx, NY 104736 | Neri's Bakery<br>P.O. Box 1021<br>Bronx, NY 104736 | Trade debt | | $64.00 |

# SCHEDULE 3

## Secured Creditors

None.

# SCHEDULE 4

## Summary of the Debtor's Assets and Liabilities

Pursuant to Local Bankruptcy Rule 1007-2(a)(6), this schedule sets forth the Debtor's total assets and liabilities as of March 10, 2011. The financial data in this schedule shall not constitute an admission of liability by the Debtor. The Debtors reserves all rights to challenge the priority, nature, amount or status of any liability included herein.

        Total Assets (Book Value):   $ 300,000.00
        Total Liabilities:               $ 386,773.28

# SCHEDULE 5

## Publicly Held Securities

Not Applicable.

# SCHEDULE 6

## Debtor's Property Held By Third-Parties

Pursuant to Local Bankruptcy Rule 1007-2(a)(8), the following lists the Debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor.

| Property | Entity Holding Property |
|---|---|
| Security deposit | 757 3rd Avenue Associates, LLC |

# SCHEDULE 7

## Debtor's Facility

Pursuant to Local Bankruptcy Rule 1007-2(a)(9), the following lists the premises owned, leased or held under other arrangements from which the Debtor operates its businesses.

| Debtor | Building Type | Location | Owned or Leased |
|---|---|---|---|
| 47th Street Gourmet, Inc. | Store location | 215 East 47th Street, New York, NY 10017 | Leased |

# SCHEDULE 8

## Debtor's Books, Records, and Assets

Pursuant to Local Bankruptcy Rule 1007-2(a)(10), the following lists the location of the Debtor's books and records, the locations of their substantial assets and the nature, location and value of any assets held by the Debtor outside of the territorial limits of the United States.

## Location of Debtor's Books and Records

The current books and records for 47th Street Gourmet, Inc. are located 215 East 47th Street New York, New York 10017.

## U.S. Location of Debtor's Substantial Assets

The Debtor maintains two bank accounts at the following institution: Wells Fargo Bank. In addition, the Debtor has assets at the facility listed on Schedule 7.

## Location of Debtor's Assets Outside Territorial Limits of the U.S.

None.

# SCHEDULE 9

## Threatened and Pending Litigation

Pursuant to Local Bankruptcy Rule 1007-2(a)(11), the following lists actions and proceedings, pending or threatened, against the Debtor or its properties where a judgment against the Debtor or a seizure of its property may be imminent.

| Debtor Entity | Name of Case | Case Number | Type of Proceeding | Court and Location | Status |
|---|---|---|---|---|---|
| 47th Street Gourmet, Inc. d/b/a Teresa's Gourmet Café | 757 3rd Avenue Associates LLC v. 47th Street Gourmet, Inc. d/b/a Teresa's Gourmet Cafe, John Doe, Jane Doe, XYZ Corporation | Index No. 053551/2010 | Civil Lawsuit | Civil Court of the City of New York, New York County | Judgment |

# SCHEDULE 10

## Senior Management

Pursuant to Local Bankruptcy Rule 1007-2(a)(12), the following sets forth the names of the individuals who comprise the Debtor's existing management and their tenure at 47th Street Gourmet, Inc.

| Name | Tenure |
|---|---|
| Teresa Kefalogiannis | 12 years |
| Jagtar Singh Benipal | 12 years |

# SCHEDULE 11

## Payroll For 30-Day Period Postpetition

Pursuant to Local Bankruptcy Rule 1007-2(b), the following provides estimated the consolidated amount of payroll to all employees of the Debtor for the 30-day period following the filing of the Chapter 11 Case.

| Group | Estimated Amount |
|---|---|
| Employees | $ 30,000.00 |

# SCHEDULE 12

## Estimated Financial Data For 30-Day Period Postpetition

Pursuant to Local Bankruptcy Rule 1007-2(b)(3), the following provides, for the 30-day period following the filing of the Chapter 11 Case, the estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid, other than professional fees, for the Debtor on a consolidated basis.

| Description | Amount |
| --- | --- |
| Cash Receipts | $95,000 to $100,000 |
| Cash Disbursements | $95,000 |
| Net Cash Gain | $5,000 |

205184v1